UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 10-80609-Civ-Ryskamp/Vitunac

ANNIE Y. FARRO,

    Plaintiff,

v

SYNDICATED OFFICE SYSTEMS, INC.
D/B/A CENTRAL FINANCIAL CONTROL,

    Defendant.
_____/

## PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT

Pursuant to Fed.R.Civ.P. 68, Plaintiff, Annie Y. Farro, files this Motion for Entry of Final Judgment against Defendant, Syndicated Office Systems, Inc. d/b/a Central Financial Control, and in support thereof states as follows:

1.    On February 15, 2011, Defendant served Plaintiff with two separate Offers of Judgment pursuant to Fed.R.Civ.P. 68. One offer relates to Plaintiff's claims under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("the FDCPA offer"), and the other offer relates to her claims under the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("the FCCPA offer").

2.    On March 1, 2011, Plaintiff accepted both of Defendant's Offers of Judgment and filed true copies of the two Offers of Judgment along with her acceptance thereof with the Court. (DE 32). Plaintiff's acceptance was timely.

3.    Defendant's FDCPA offer provides for entry of a Judgment of $1,001.00 in favor of Plaintiff plus attorney fees and costs.

4. Defendant's FCCPA offer provides for entry of a Judgment of $1,001.00 in favor of Plaintiff plus attorney fees and costs. Defendant "…further agrees to equitable relief with respect to the FCCPA claims in Count V and VI of the Complaint…" See paragraph 7, FCCPA offer, Exhibit "B" to DE 32. Neither of Defendant's Offers contain any limiting language with respect to admission of liability – there is no ambiguity on this issue, and if there were ambiguity, it is construed against Defendant. Both offers are an admission of liability. In accordance with traditional contract principals any ambiguity in an offer of judgment is construed against drafter. <u>Utility Automation 2000. Inc. v. Choctawhatchee Electric Cooperative. Inc.</u> 298 F.3d 1238, 1243 -1244 (11th Cir. 2002); <u>Johnson v. University College of the University of Alabama in Birmingham.</u> 706 F.2d 1205, 1209 (11th Cir. 1983). The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008). The issuance of an injunction is governed by Fed. R. Civ. P. 65, which reads in relevant part:

> (d) Contents and Scope of Every Injunction and Restraining Order
>
> > (1) Contents. Every order granting an injunction and every restraining order must:
> > > (A) state the reasons why it issued;
> > > (B) state its terms specifically; and
> > > (C) describe in reasonable detail--and not by referring to the complaint or other document--the act or acts restrained or required

Fed. R. Civ. P. 65

5. To satisfy the requirements of Rule 65(d)(1)(A), Plaintiff asserts the reason an injunction should be issued is Plaintiff will suffer immediate irreparable harm if

Defendant continues its conduct in violation of the FCCPA and because Defendant has admitted liability and agreed to the entry of an injunction by agreeing to equitable relief. Plaintiff sought two forms of equitable relief: a declaration and an injunction and Defendant has agreed to "equitable" relief thereby agreeing to both a declaration and an injunction. By agreeing to injunctive relief, without any restriction, Defendant has consented to the factual and legal basis of Plaintiff's allegations and has consented that it violated the FCCPA. Nothing in the offer states otherwise. The only limitation is found in paragraph 3 of the Offer in which Defendant limits the offer's applicability to Plaintiff and not other persons.

6. In paragraph 30 of her Complaint (DE 1), Plaintiff sought a declaration that Defendant's practices violated the FCCPA and she sought a permanent injunction prohibiting Defendant from continuing the violative practices. By offering equitable relieve without any restriction, Defendant has agreed to the factual basis for both declaratory and injunctive relief. In terms of facts, Plaintiff alleged in her Complaint:

> Defendant asserted the right to collect a debt by leaving repeated telephone messages for Plaintiff without disclosing that it is a debt collector and the purpose of its communications when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

Complaint, (DE 1) paragraph 27.

and

> By failing to disclose that it is a debt collector and the purpose of its communication, and by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

Complaint, (DE 1) paragraph 29.

7. By agreeing to injunctive relief, Defendant has admitted that it violated the FCCPA and has agreed to a declaration establishing the violations. Accordingly, Plaintiff seeks a declaration that Defendant violated the FCCPA as alleged in paragraphs 27 and 29 of the Complaint and she seeks a permanent injunction prohibiting Defendant from continuing the violative conduct.

8. Defendant's two Offers fully resolve Plaintiff's claims under the FDCPA and the FCCPA, however, the Offers do not resolve Plaintiff's claim under the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA"), which is alleged in Count VII of the Complaint. Plaintiff requests the Court dismiss the TCPA claim without prejudice to be refiled in state court as there is no longer a basis for federal jurisdiction over the TCPA claim by itself. Although the TCPA is a federal statute, it is the only federal statute that confers exclusive jurisdiction upon state courts. Plaintiff relied upon federal question jurisdiction under the FDCPA as the jurisdictional basis of her Complaint with supplemental jurisdiction over the TCPA claim as provided by 28 U.S.C. §1367. The 11th Circuit has held that federal courts do not have federal question jurisdiction over TCPA claims by private litigants:

> We have carefully examined the reasoning of the Fourth and Fifth Circuits and, we too, are persuaded that federal courts lack subject matter jurisdiction of private actions under the Act.
>
> Like the Fourth and Fifth Circuits, we also reject Hooters's argument that federal-question jurisdiction exists under 28 U.S.C. § 1331 (1994) because Nicholson's complaint clearly presents a federal question as it alleges a violation of federal law. See <u>International Science</u>, 106 F.3d at 1154; <u>Chair</u>

<u>King</u>, 131 F.3d at 510. We recognize that "as a general matter, a cause of action created by federal law will properly be brought in the district courts." 106 F.3d at 1154. Nevertheless, the general jurisdictional grant of section 1331 does not apply if a specific statute assigns jurisdiction elsewhere. <u>Id.</u> Here, the text of the Act, including the specific grant of federal jurisdiction to state attorneys general, as well as the Act's legislative history, demonstrate that Congress intended to assign the private right of action to state courts exclusively.

<u>Nicholson v. Hooters of Augusta</u>, 136 F.3d 1287, 1289 (11th Cir. Ga. 1998).

9. Once all claims giving rise to federal jurisdiction have been resolved, the dismissal of any remaining state law claim should be *without* prejudice. *Crotwell v. Hockman-Lewis, Ltd*., 734 F.2d 767, 769 (11th Cir. Fla. 1984).

10. Regarding Plaintiff's attorney fees and costs, if the parties cannot agree upon the matter, Plaintiff will file a Motion for Fees and Costs within 30 days of entry of Judgment as required by Local Rule 7.3A.

## **CERTIFICATION REQUIRED BY S.D. Fla. L.R. 7.1 A 3(a)**

By service of its Offer in Judgment upon Plaintiff, Defendant has consented to the entry of Judgment.

WHEREFORE, Plaintiff respectfully requests this Court enter Final Judgment in favor of Plaintiff, Annie Y. Farro, and against Defendant, Syndicated Office Systems, Inc. d/b/a Central Financial Control,

- in the amount of $2,002.00 ($1,001.00 for the FDCPA offer, and $1,001.00 for the FCCPA offer);
- declare that Defendant violated the FCCPA by asserting the right to collect a debt from Plaintiff by leaving telephone messages for Plaintiff without disclosing that it

is a debt collector and the purpose of its communications when Defendant knew it did not have a legal right to use such collection techniques;

- permanently enjoin Defendant from leaving telephone messages for Plaintiff without disclosing that it is a debt collector and the purpose of its communications;
- dismiss Plaintiff's claim under the TCPA without prejudice; and
- reserve jurisdiction on the issue of Plaintiff's attorney's fees and costs.

As a basis for entry of a declaration and permanent injunction, Plaintiff respectfully requests the Court enter a finding of fact that Defendant committed the acts alleged in paragraphs 27 and 29 of the Complaint, that Plaintiff will suffer immediate irreparable harm if Defendant continues its conduct, that Defendant has agreed to the entry of an injunction and declaration as stated above and make a conclusion of law that Defendant violated the FCCPA.

Respectfully submitted,

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
donyarbrough@mindspring.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

UNITED STATES DISTRICT COURT<br>
SOUTHERN DISTRICT OF FLORIDA<br>
Case No.: 10-80609-Civ-Ryskamp/Vitunac

ANNIE Y. FARRO,

    Plaintiff,

v

SYNDICATED OFFICE SYSTEMS, INC.
D/B/A CENTRAL FINANCIAL CONTROL,

    Defendant.
_____/

## **CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on March 1, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                          s/Donald A. Yarbrough<br>
                                                          Donald A. Yarbrough, Esq.

## SERVICE LIST

Ms. Lorelei J. Van Wey, Esq.
Lash & Goldberg LLP
Suite 1200
100 SE Second Street
Miami, FL 33131
Telephone: 305-347-4040
Facsimile: 305-347-4050

Mr. Alan D. Lash, Esq.
Lash & Goldberg LLP
Suite 1200
100 SE Second Street
Miami, FL 33131
Telephone: 305-347-4040
Facsimile: 305-347-4050

Mr. Michael L. Ehren, Esq.
Lash & Goldberg LLP
Suite 1200
100 SE Second Street
Miami, FL 33131
Telephone: 305-347-4040
Facsimile: 305-347-4050

Via Notices of Electronic Filing generated by CM/ECF